GueeN, J.
delivered the opinion of the court.
■ This action is brought by Rogers against the plaintiff in error as an innkeeper, charging that she so negligently kept his horse while he was a guest at her inn, that his horse was injured and died.
It appears from the proof, that the plaintiff’s horse was put in the stable of the defendant, and while there, thrust his head through an opening of the partition between the stalls above the trough; that the plank immediately above, being loose, slipped down and pressed his neck so that he could not withdraw his head; and while thus fastened, his exertions to get loose injured him so seriously, that he died in a short time.
The court charged the jury in substance, that an innkeeper is bound to take all possible care of the goods of his guests; and that if through any default of him or his servants, any injury or loss should occur, he will be liable in damages for the value of the property lost. . But if the injury occur through accident, and from no default or neglect of the innkeeper or his servant, he will be exonerated from liability.
An innkeeper is bound to provide safe stabling for the horses of his guests, and so constructed and arranged that the horses placed within it will be secure and safe from injury; and if owing to the defective and imperfect construction of the stable, or its stalls, an injury is done to the horse of the guest, the innkeeper will be responsible for the injury. But if an injury result to a horse in consequence of his vicious habits, and not through any *181 negligence or want of care of the innkeeper and his servants, he would not be liable therefor.
The jury found a verdict for the plaintiff for the value of the horse, which -the -court refused to’ set aside, and the defendant appealed to this-court. .
It is not seriously insisted, that the charge of the court is erroneous, nor indeed' could it have been done successfully. It is laid down by’Chancellor Kent, (2 Com. 2 ed. 593,) upon the authority of. the English cases, that an innkeeper is bound to keep safe the goods of his guest deposited within the inn, except where the loss is occasioned - by inevitable casualty, or by superior force, as robbery. And Mr. Justice Story says, (Law of Bailments,,306, sec. 470,) that an innkeeper is bound to take, not ordinary' care, only, but uncommon care -of. the goods and baggage of his guests. If, therefore, the goods or baggage of .his guest are damáged in his inn, or are stolen from it by his servants or domestics, or by another guest, he ’is bound to make restitution. .
Rigorous as this-rule may seem, and hard as its operation may be in a few instances, it is founded on the great principle of public utility, to which’ all private considerations ought to .yield. “For,” as Sir William Jones justly observes, (Bailments, 95,) “travellers, who are most numerous hr a rich and commercial country,, are. obliged to rely almost implicitly on the good faith of innkeepers, whose education and morals are none of the best, and who might have frequent opportunities of associating with ruffians and pilferers, while the injured guest would seldom or nevér obtain legal proof of such combinations, or even of their negligence, if no actual fraud had been committed by them.”
Upon these.principles it is clear,-that the Circuit Court was right, in holding that the innkeeper was bound to provide safe stables for the horses of his guests; and that any injury sustained by the horse, the result of negligence in securing him properly, or of an imperfect and badly-constructed stable, must be compensated in damages by the innkeeper.
If this rule was not inflexibly enforced, no traveller would be safe in entrusting his horse to the hands of the innkeeper, until *182 he had first inspected his stables, and selected a place for bis horse to be kept, an inconvenience which could not be endured.
But it is insisted, that the plaintiff in error Was not an ordinary innkeeper, because she had obtained no licence to keep an inn, as the act of 1811, ch. 113, requires.
We are of opinion this act is not in force. By the act of 1835-6, ch. 13, sec. 4, it is provided, that “each and every keeper of a tavern, or house of public entertainment, shall pay annually a tax of five dollars; provided, that such licence shall not authorize the retailing spirituous liquors unless such privilege is mentioned in the licence, in which case twenty-five dollars shall, in addition to the said sum of five dollars, be paid for such li-cence. By the act of 1837-8, chapter 37, so much of the act of 1835-6 as imposes a tax on a tavern keeper, or requires him to obtain a licence, is repealed: and by the act of 1837-8, chap. 120, all laws taxing retailers of spirituous liquors are repealed. The act of 1835-6 is inconsistent with the acts of 1811 and 1823 upon the same subject, and by implication repeals those acts; and when by the act of 1837-8 it is repealed, there is no law authorizing or requiring licences to be granted to innkeepers, for the repeal of the act of 1835-6 does not revive the acts of 1811 and 1823.
The act of 1811 inflicted a penalty upon any person who should .retail spirituous liquors unless such person should have a licence to keep an ordinary, or house of entertainment. The licence which was required, by the first section of the act, to be obtained, was intended to protect the community against the mischief which the legislature saw must result, if any person, however unprincipled and debased, were permitted to retail spirituous liquors. Hence they required that the county court shall be satisfied of the good character of the applicant and that he is prepared to accommodate travellers, and that the principal object in obtaining a licence is hot to retail liquors. But the acts of 1837-8 having prohibited the retail of spirituous liquors altogether, and having repealed the law requiring tavern keepers to obtain licence, we think the acts of 1811 and 1823 stand repealed.
What, then, constitutes a person an innkeeper? In the case *183 of Thompson vs. Lacy, 3 Barn. & Ald. 283, an inn is defined to be “a house where the traveller is furnished with every thing which he has occasion for whilst on his way.” Judge Story, (Bailments, sec. 775,) quotes this definition with approbation. It is not necessary that a party should put up a sign as a keeper of an inn. It is sufficient if in fact he keeps one. If he do, he is liable to all the responsibilities of an innkeeper. And this we think would be so, though he had failed to obtain a licence, should the statutes require one. It would be another question, whether, if a party fail to comply with such provision of a statute, he shall be entitled to all the rights and privileges of an innkeeper.
Upon the whole, we. think there is no error in the record, and that the judgment must be affirmed.